**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD RAY MCCRAY, | : | |
| Plaintiff, | : | Civ. No. 22-1394 (GC) (DEA) |
| v. | : | |
| WILLIAM T. WALSH, | : | **MEMORANDUM & ORDER** |
| Defendant. | : | |

Plaintiff is detained at the French M. Robertson Unit in Abilene, Texas. Previously, this matter was administratively terminated as Plaintiff failed to file a complete application to proceed *in forma pauperis.* (*See* ECF 13). Subsequently, Plaintiff has filed another application to proceed *in forma pauperis* (*see* ECF 15) such at the Clerk will be ordered to reopen this case. However, Plaintiff's most recent application to proceed *in forma pauperis* will be denied without prejudice and this matter will be re-administratively terminated.

A prisoner who seeks to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L. Civ. R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an

authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

Plaintiff's most recent *in forma pauperis* application is incomplete as it does not include the required certified six-month prisoner account statement. Plaintiff alleges a prison official refused Plaintiff's requests for a certified account statement. (*See* ECF 15 at 3). In a subsequent filing, Petitioner alludes to the purported fact that the law librarian, Janet Snodgrass, is denying him a certified six-month prisoner account statement. (*See* ECF 17 at 14). He then refers to "exhibits," but those exhibits indicate requests for carbon paper from the law librarian, not a

certified copy of Plaintiff's six-month prisoner account statement. Under these circumstances, this Court finds this, in and of itself is insufficient, to excuse the six-month statement requirement. To the extent Plaintiff alleges that correctional officials have failed to provide him with a certified account statement, he must support such an assertion with an affidavit detailing the circumstances of his requests and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved. *See Martin v. New Jersey*, No. 19-12979, 2019 WL 13251076, at \*2 (D.N.J. July 12, 2019). Thus, the current *in forma pauperis* application will be denied without prejudice and this matter will be re-administratively terminated. Plaintiff may reopen this action by either paying the $402.00 filing fee or submitting a complete *in forma pauperis* application.

Accordingly, IT IS on this 15th day of August, 2023,

ORDERED that the Clerk shall reopen this action so that Plaintiff's *in forma pauperis* application (ECF 15) can be analyzed; and it is further

ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF 15) is denied without prejudice; and it is further

ORDERED that the Clerk shall re-administratively terminate this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar provided the original complaint was timely; and it is further

ORDERED that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this order, Plaintiff either (1) pre-pays the $402 filing fee ($350 filing fee plus $52 administrative fee); or (2) submits to the Clerk a complete *in forma pauperis* application, including a proper, certified six-month prisoner account statement or an affidavit

detailing the circumstances of Plaintiff's requests for such and the correctional officials' refusals to comply, including the dates of such events and the names of the individuals involved; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that Plaintiff wishes to reopen this case and a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on Plaintiff by regular U.S. mail: (1) this Memorandum and Order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

GEORGETTE CASTNER
United States District Judge